BRODRICK COPYGRAPH CO. OF NEW JERSEY et al. v. MAYHEW.

(Circuit Court, E. D. Wisconsin. May 10, 1904.)

**1. PATENTS—LICENSE RESTRICTING USE—CONTRIBUTORY INFRINGEMENT.**

It is within the right of the owner of a patent for a machine to sell the machines under a license containing a condition that they shall be used only in connection with patented materials, also made by such owner, and one who makes and sells to users other materials specially designed and intended to be used with such machines, and which are so used, is liable as a contributory infringer.

In Equity. Suit for infringement of patent. On demurrer to bill and motion to dissolve preliminary injunction.

S. O. Edmonds, for complainants.

Walter H. Chamberlain, for defendant.

SEAMAN, District Judge.    The bill is founded on letters patent No. 584,787, issued to Lowe and Cortelyou, June 22, 1897, owned by the complainants, under which they manufacture a machine known as the "Rotary Neostyle." These machines are sold with the restriction that they are "licensed to be used only with stencil paper and ink (both of which are patented) made by the Neostyle Company," and the defendant is charged as a contributory infringer, with making a "Rotary Neostyle Ink" specially designed for use with such machines, and sold to the purchasers thus licensed, to be so used in derogation of the rights reserved to the patentees. On behalf of the defendant it is contended, in substance, that no such limitation of the use of the patented machine exists when thus sold, and none can be imposed by the patentee. Both demurrer and motion rest solely upon this view, notwithstanding the consensus of recent controlling decisions that it is untenable. In Victor Talking Machine Co. v. The Fair (C. C. A.) 123 Fed. 424, the general doctrine is settled, for this circuit at least, that the patentee is clearly within his right in imposing any terms, not unlawful per se; and his provision thus made by way of monopoly in any form will be enforced. In the Circuit Court of Appeals for the Second Circuit (Cortelyou v. Lowe, 111 Fed. 1005, 49 C. C. A. 671) and at the circuit (Id., 114 Fed. 1021) a like rule is adopted in respect of the present patent and "license agreement," wherein the present defendant was involved in the adjudged contributory infringement. Not only are these rulings controlling, and well supported by the cases there cited, but I

¶ 1. Power of patentee to control his invention, see note to Heaton-Peninsular Button Fast. Co. v. Eureka Specialty Co., 25 C. C. A. 280.

Contributory infringement of patents, see note to Edison Electric Light Co. et al. v. Peninsular Light, Power & Heat Co. et al., 43 C. C. A. 485.

See Patents, vol. 38, Cent. Dig. § 401.

am satisfied that the doctrine for which the defendant contends is inconsistent with the unlimited right of monopoly intended by the patent law. It rests with the patentee to determine the methods for its exercise, and he is at liberty to fix any price for the machine, and reserve as well benefit in its use. The sales in question are not unrestricted, but are plainly limited or conditional in use, and, if the allegations of the bill are sustained by proof, the complainant is entitled to the relief sought.

The demurrer is overruled, and the motion to dissolve the injunction is denied, in conformity with these views.